UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KEITH LAMONT FARMER, )
 )
    Petitioner, )
 )
v. ) No. 3:24-CV-241-DCLC-DCP
 )
MIKE PARRIS, )
 )
    Respondent. )

## MEMORANDUM AND ORDER

Petitioner, a state prisoner, filed a petition for habeas corpus relief under 28 U.S.C. § 2254[1] and a number of documents challenging his 2012 Davidson County conviction for first-degree murder in case 2011-D-3302 on various grounds [Docs. 1–1-5][2] and a motion for leave to proceed *in forma pauperis* [Doc. 3]. The United States District Court for the Middle District transferred the petition to this Court [Doc. 7][3].

---

[1] Petitioner filed his habeas corpus petition on a 28 U.S.C. § 2241 form [Doc. 1, pg. 1]. But it is apparent from the substance of his filings [*Id.* at 6–7; Doc. 1-2 pg. 69–71, 80–84; Doc. 1-3 pg. 68–91; Doc. 1-4 pg. 99–100; Doc. 1-5 pg. 1–4, 24–25, 30–33, 44–51] that Petitioner seeks relief from a state court conviction. As such, his habeas corpus claims fall under 28 U.S.C. § 2254. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (holding that "§ 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment"); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (holding that "all petitions seeking relief from state court convictions" fall under § 2254).

[2] Notably, Petitioner's petition, additional substantive filings regarding his claims, and exhibits total 476 pages [Docs. 1–1-5].

[3] Under 28 U.S.C. § 2241(d), a petitioner may file a § 2254 habeas corpus petition in the district where his judgment was entered or in the district where he is incarcerated. While Petitioner is currently incarcerated in Morgan County Correctional Complex, which is located within this District, his petition challenges a conviction in Davidson County, Tennessee [Doc. 1 p. 1], which lies within the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(1). Thus, venue for this § 2254 petition is proper both in this District and in the Middle District of Tennessee. However, a petitioner's place of confinement

Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 3] demonstrates that he cannot pay the filing fee. Accordingly, this motion [*Id.*] is **GRANTED**. However, for the reasons set forth below, the Clerk will be **DIRECTED** to transfer the petition to the United States Court of Appeals for the Sixth Circuit for its review as a second or successive petition.

In 2019, Petitioner filed a § 2254 petition challenging the same conviction he asks the Court to invalidate in this case [*see* Doc. 1 pg. 1 and *Farmer v. Phillips*, No. 3:19-CV-590, 2019 WL 13440956 (M.D. Tenn. Nov. 1, 2019) (Doc. 1 pg. 1)]. A Court in the Middle District dismissed Petitioner's previous § 2254 petition as time-barred, *Farmer*, 2019 WL at *1–4, which was an adjudication on the merits of that petition. *See*, *e.g.*, *Bennett v. Schiebner*, No. 1:23-CV-713, 2023 WL 5155205, at *1 (W.D. Mich. July 17, 2023) ("[A] dismissal [of a § 2254 petition] on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive.") (citations omitted).[4]

It is apparent from the face of the petition that Petitioner could have raised the claims for

---

may change, while the location of the entry of his judgment of conviction will remain constant. Therefore, the consistent practice in the Tennessee federal courts is to transfer habeas petitions to the district in which the convicting court is located.

Thus, it appears that Petitioner properly filed this action in the Middle District of Tennessee. Nevertheless, for the reasons set forth more fully herein, it is apparent that (1) Petitioner's § 2254 is second or successive; and (2) Petitioner has not received permission to file a second or successive habeas corpus petition from the United States Court of Appeals for the Sixth Circuit. Because of that, this Court will transfer this action to the Sixth Circuit, rather than transferring this action back to the Middle District at this time.

[4] Petitioner filed application for a certificate of appealability of the Middle District's dismissal, which the Sixth Circuit denied. *See Farmer v. Phillips*, No. 3:19-CV-590 (Docs. 45, 46). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court regarding this dismissal, which the Supreme Court denied. *Id.* (Docs. 47, 48). Petitioner then filed, among other things, a motion for an order authorizing him to file a second or successive § 2254 petition, which the Sixth Circuit denied. *Id.* (Docs. 52, 53).

§ 2254 relief that he seeks to bring in this action[5] in his previous § 2254 petition, but he failed to bring those claims in that petition, or did so unsuccessfully. As such, Petitioner's petition for § 2254 relief in this action is second or successive. *In re Hill*, No. 20-3863, 81 F. 4th 560, 569 (6th Cir. 2023) ("When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'").

Petitioner must have permission from the Sixth Circuit to file a second or successive habeas corpus petition. 28 U.S.C. § 2244(b)(3)(A) (providing that before a petitioner may file a second or successive petition for habeas corpus relief, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Accordingly, the Clerk will be **DIRECTED** to (1) transfer this action to the Sixth Circuit, which will construe the petition as a request for authorization under §2244(b)(2) pursuant to 28 U.S.C. § 1631, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and (2) close this Court's file.

To summarize, for the reasons set forth above:

1. Petitioner's motion for leave to proceed *in forma pauperis* [Doc 3] is **GRANTED**; and

2. The Clerk will be **DIRECTED** to transfer this action to the Sixth Circuit, and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

---

[5] While Petitioner's filings are redundant, voluminous, and unclear, the Court liberally construes the substantive portions of those filings to seek § 2254 relief arising out of allegations that (1) a false affidavit led to Petitioner's arrest, (2) the trial court lacked jurisdiction, (3) his indictment and arrest warrant were legally insufficient, (4) a 2018 letter from an attorney about the warrant against him was false and perjurious, (5) his sentence was illegal, (6) his counsel was ineffective, and (7) his conviction violated his rights to due process and equal protection [Doc. 1 p. 6–7; Doc. 1-2 p. 69–71, 80–84; Doc. 1-3 p. 68–91; Doc. 1-4 p. 99–100; Doc. 1-5 p. 1-4, 24–25, 30–33, 44–51].

s/Clifton L. Corker
United States District Judge